FILED
SUPERIOR COURT
OF GUAM

2023 JUL 31 PH 4: 54

CLERK OF COURT



BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) |
| | ) **Criminal Case No. CF0335-20** |
| | ) GPD Report Nos. 20-10295 / 20-10352 / |
| Plaintiff, | ) 20-10879 |
| | ) **Criminal Case No. CF0425-20** |
| v. | ) GPD Report Nos. 20-18947 / 20-18946 |
| | ) |
| | ) |
| ASHLEY NICOLE BELEN | ) **DECISION AND ORDER** |
| (*aka* ASHLEY NICHOLE BELEN) | ) **GRANTING REVOCATION OF** |
| DOB: 09/03/1994 | ) **PROBATION** |
| | ) |
| | ) |
| Defendant. | ) |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on May 5, 2023 for a Revocation Hearing in the above-captioned matters related to Ashley Nicole Belen's (*aka* "Ashley Nichole Belen's") (*aka* "Defendant's") failure to abide by her probationary terms. Defendant was represented by Attorney Terry Timblin. The People of Guam were represented by Assistant Attorney General Leah Diaz-Aguon. Having duly considered the Parties' briefs, arguments, and the applicable law, the Court now issues the following Decision and Order Granting Revocation of Probation.

### BACKGROUND

On November 24, 2020, Defendant pled guilty to two counts of Burglary (as a 3rd Degree Felony) through a global plea deal. See Amended Judgment of Conviction (Feb. 22, 2022). A judgment was entered imposing the following relevant conditions of probation:

- **MANDATORY REPORTING:** Upon release from the Department of Corrections, Defendant shall report to the Adult Probation Office for intake and processing within forty-eight (48) hours of being released.

- **MANDATORY REPORTING:** Defendant shall report to the Adult Probation Office once a month in person, or as ordered by the Court or the Probation Office.

- **COUNSELING/TREATMENT:** Defendant shall report to Client Services and Family Counseling (CSFC) with the Superior Court of Guam for intake and assessment. Defendant shall follow all treatment recommendations including psychological evaluation, psychiatric evaluation, drug and alcohol evaluation, and individual, group, and family counseling.

- **COUNSELING/TREATMENT:** Defendant shall undergo and successfully complete a theft prevention program recommended by the Court, and shall pay the fee for the program.

- **RESTITUTION:** Defendant shall be liable for restitution, if any, to the victims.

Id.

Defendant received her first violation report almost immediately upon her release from confinement when it was revealed that Defendant never reported to the Adult Probation Office for intake and processing. See First Violation Report (Jan. 13, 2021).

Another violation report was filed later that year revealing that Defendant hadn't reported to the Adult Probation Office in several months, and that she failed to attend her required counseling/treatment (both at CSFC and at the Petty Theft Diversion Program). See Second Violation Report (Aug. 17, 2021).

A third violation report was filed in September, 2021 revealing that Defendant had again failed to report to the Adult Probation Office following her latest court date. See Third Violation report (Sep. 28, 2021).

A fourth violation report was filed in June, 2022 revealing that Defendant hadn't reported to the Adult Probation Office in several months, that she still hadn't completed intake/assessment at CSFC, and that she failed to make restitution payments. See Fourth Violation Report (Jun. 6, 2022).

A fifth violation report was filed in October, 2022 revealing that Defendant hadn't reported to the Adult Probation Office in over half a year, had missed her latest court date, hadn't completed intake/assessment, and had not made any further progress in restitution payments. See Fifth Violation Report (Oct. 10, 2022).

On April 17, 2023, the People filed their Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Motion"). Defendant does not oppose the People's Motion, hoping that she may be admitted into the RSAT program for substance abuse treatment during her incarceration. See Defendant's Response to Motion (Apr. 25, 2023).

The Court held a Revocation Hearing on May 5, 2023, when the Court then revoked Defendant's probation. See Minute Entry (May. 5, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is

proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id.* at ¶ 30 (*citing People v. Angoco*, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." See 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of her probation conditions and that there was probable cause to support the violations. The Defendant has continually violated her probation by failing to report to the Probation Office, failing to attend her required treatment classes, and failing to pay off restitution.

Having found that Defendant was in violation of her probation requirements, the next question the Court must resolve is whether "revocation under all the circumstances . . . will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. § 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of her probation. Defendant violated the terms of her probation almost immediately by failing to even report to the Adult Probation Office for her initial intake/assessment, and then showed a continuous and ongoing disregard towards

following her probationary terms by accumulating several more violations over a multi-year period.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. See 9 GCA 80.66(a)(2).

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matters. The Defendant is hereby **SENTENCED** to **three (3) years incarceration** at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close the above-captioned cases.

**IT IS SO ORDERED** on this June 6, 2023 *nunc pro tunc* to May 5, 2023.



**HONORABLE ALBERTO C. LAMORENA III**
**Presiding Judge, Superior Court of Guam**